Ex parte Teodoro Capó, Petitioner and Appellee; Rafael Rivera Matos, Plaintiff and Appellant.

No. 8356. Argued February 6, 1942.—Decided February 12, 1942.

*R. Castro Fernández* for appellant. *V. Zayas Pizarro* for the judicial administrator.

Mr. Justice Travieso delivered the opinion of the court.

During the pendency in the District Court of Guayama of the judicial administration proceeding concerning the estate of Félix Jiménez Colón, deceased, Rafael Rivera Matos, appellant herein, filed in said court on September 7, 1940, a

verified claim seeking the acknowledgment of his right to collect from the estate as a preferred claim, the sum of $300 as the fair and reasonable value of services rendered by him to the administration at the request of the administrator. The alleged services are set forth in detail in the claim, and it is therein stated that 'the same were rendered in connec-tion with the investigation of the charge that the ancestor was in collusion with several people to disinherit his son Guillermo Jiménez Rivera by means of the fraudulent trans-fer of all his property.

In opposition to said claim, Guillermo Jiménez Rivera, judicial administrator and sole and universal heir of the deceased, denied having requested at any time the personal services of the claimant and specifically denied each and every essential averment of the claim. He on the contrary alleged that the claimant, who was his friend, offered his services to him for the purpose of locating part of the assets of the estate; that the work of the claimant consisted in typewriting the statements or data dictated by the adminis-trator and others; that it was never agreed to pay for such services, which the administrator accepted in token of friend-ship, although later on he paid for them more than they were worth; that the administrator always paid all the expenses incurred in connection with the movements and efforts of the claimant and, to reward him for his services as a typist, made him a present of a motor car worth more than $200 and pres-ented him on several occasions with sums of money; and, lastly, that the services rendered were not worth the sum claimed and that such services were rendered by the claimant without expecting to receive any compensation. He further alleged that the claimant has no particular profession which would imply an obligation to compensate the alleged services.

The claim was dismissed, whereupon the claimant took the present appeal. In support thereof, he urges that the lower court erred in deciding that no contract for services

had been entered into; in holding that the services rendered by the appellant were not professional services; and in deciding that the services rendered were not compensable.

In the opinion which served as a basis for the judgment appealed from, the lower court reached the following conclusions:

1. That admitting as true the facts alleged in the claim, the legal relationship between the petitioner and the judicial administrator was not that of principal and agent, for the former did not act as the latter's agent; nor that of lessor and lessee, as no definite price was agreed upon for the services to be rendered by petitioner herein.

2. That the services rendered by the petitioner to the judicial administrator could not be considered as professional services and, therefore, the petioner had no right of action to claim on a *quantum meruit* basis the reasonable value of the services rendered. Section 1486 of the Civil Code.

3. That no lease of services appeared from the evidence heard.

4. That likewise the evidence failed to show the reasonable value of the services rendered by petitioner to the judicial administrator.

After a careful examination of the transcript of the evidence, we think that the conclusions reached by the trial court are well founded and in accord with the evidence introduced.

 The claimant undoubtedly rendered valuable services to the administrator, although he never acted as his agent. The legal relationship between them was not that of principal and agent. See *Webb* v. *P. R. Am. Tobacco Co.*, 16 P.R.R. 378, and *Galán* v. *Borinquen Trading Corp.*, 32 P.R.R. 58.

From the claimant's own testimony it appears that he is engaged in the commission business, and for several years has done some investigation work. According to the testi-

mony of Attorney López Baralt, the work performed by the claimant was not that of a professional man, but that of an investigator. See *U. S.* v. *Laws,* 163 U. S. 258; *Saurí* v. *Saurí et al.,* 38 P.R.R. 686.

That no previous agreement had been entered into between the parties as to compensation for the services is a fact admitted by the claimant, who testified that when he started working he had not made any agreement with the administrator in regard his compensation; that he afterwards asked the administrator to agree as to the consideration for his services; that the administrator offered him, through Attorney López Baralt, 1 per cent on any amount finally obtained as inheritance, but that he (the claimant) rejected such proposition and withdrew from the case; and that later on a contract was drafted, fixing the price of his services at $2,000, which the administrator refused to sign. Attorney López Baralt, under whose direction the claimant was working, likewise testified that no agreement had ever been reached as to the amount of claimant's compensation.

What the evidence did show, in our judgment, is that the administrator knew that the services rendered to him by the claimant would not be gratuitous and that the latter expected to be remunerated in some way. This is shown by the fact that the administrator went so far as to offer him as compensation 1 per cent on anything salvaged as part of the hereditary estate. However, the fact remains that no agreement was ever reached as to the measure of the services of the claimant.

Even conceding, without holding, that the claimant was entitled to recover the just and reasonable value of his services, we would always have to affirm the judgment appealed from because of the failure to introduce any evidence whatever on that particular.

The judgment appealed from must be affirmed.